UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 17-cr-20368

                              HON. MARK A. GOLDSMITH

JIM TERRELL LATTNER,

    Defendant.

_____/

**ORDER
(1) DENYING DEFENDANT'S MOTION FOR COURT TO ISSUE TWO SUBPOENAS (Dkt. 59), (2) DENYING DEFENDANT'S MOTION FOR COURT TO ISSUE TRIAL SUBPOENA (Dkt. 60), (3) DENYING DEFENDANT'S MOTION FOR DISCOVERY (Dkt. 61), AND (4) GRATING DEFENDANT'S MOTION TO ADJOURN TRIAL (Dkt. 62)**

On February 21, 2019, the Court held a hearing on various motions brought by Defendant Jim Terrell Lattner (Dkts. 59-62). As announced on the record at that hearing, the Court finds as follows.

Lattner first brings a motion seeking two subpoenas (Dkt. 59); the first subpoena would demand the production of personnel records of police witnesses, while the second would demand production of records related to the video camera used in the Warren Police Department's interrogation room. Lattner seeks the personnel records of the police witnesses to challenge their credibility. However, such an overbroad request is not permitted under Rule 17. See United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) ("Courts have held that requests for an entire file are evidence of an impermissible fishing expedition."). The subpoena seeking evidence regarding the video camera is also improper, as Lattner has not articulated any reason why that evidence would be admissible at trial. See United States v. Nixon, 418 U.S. 683, 699 (1974) (requiring that evidence sought using Rule 17(c) subpoenas must be "evidentiary and relevant"). Thus, the motion seeking two subpoenas (Dkt. 59) is denied.

Next, Lattner has filed a motion (Dkt. 60) requesting that the Court issue a trial subpoena for Marcie Griffin, who was set to go to trial for the murder of Lattner's fiancée, Julii Johnson. However, Griffin's expected testimony – that she allegedly made threats against Johnson – would be cumulative to other available evidence, as Lattner concedes that several friends or family members will be able to testify about the threats that Griffin allegedly made against Johnson. Because the Court will not admit cumulative evidence, a subpoena to compel her presence would not be appropriate, see Nixon, 418 U.S. at 700 ("Against this background, the Special Prosecutor, in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.") (emphasis added). Further, Griffin's testimony would be self-incriminatory, which will likely prompt her to invoke her Fifth Amendment rights. The motion (Dkt. 60) is denied.

Lattner has also filed a motion (Dkt. 61) for discovery of the contents of the cell phones of Julii Johnson, Marci Griffin, and Jim Lattner. The Government acknowledged at the hearing on this motion that it will make available what information it has relative to those phones. Thus, Lattner's motion is denied as moot.

Finally, Lattner has filed a motion to adjourn trial (Dkt. 62). The Court granted that motion on the record at the February 21 hearing to allow for DNA testing, and trial has been rescheduled to later this year.

For these reasons, Lattner's discovery motions (Dkts. 59-61) are denied, and Lattner's motion to adjourn trial (Dkt. 62) is granted.

SO ORDERED.

Dated: April 17, 2019  s/Mark A. Goldsmith
  Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge